IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHIDONG LI, a/k/a Zhigong Li, | ) |
| Petitioner, | ) |
| -vs- | ) |
| | ) NO. CIV-25-1426-HE |
| SCARLET GRANT, et al., | ) |
| Respondents. | ) |

**ORDER**

Petitioner Zhidong Li, a/k/a Zhigong Li, a Chinese citizen, was apprehended by United States Immigration and Customs Enforcement (ICE) officers.[1] He is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma, pursuant to 8 U.S.C. § 1225(b)(2)(A).

Petitioner entered the United States on or about January 15, 2019. A notice to appear, dated February 21, 2019, was issued by the Department of Homeland Security (DHS), charging that petitioner was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(i)(I). The notice indicated that an asylum officer found petitioner had demonstrated a credible fear of persecution or torture. A warrant for arrest of alien and a notice of custody determination, dated February 27, 2019, was also issued.

---

[1] Petitioner alleges, upon information and belief, that he was detained by ICE in Oklahoma City on November 8, 2025, after a traffic stop. According to respondents, petitioner was placed under administrative arrest on October 10, 2025 after the execution of a state search warrant at an illegal marijuana grow site in Oklahoma.

The notice stated that petitioner would be detained by DHS pending removal proceedings. Petitioner requested a review of the custody determination, and on March 25, 2019, an immigration judge granted petitioner release on bond. Several months later, petitioner filed an application for asylum.

After petitioner was again detained, he requested a custody redetermination hearing to determine his bond eligibility. On November 11, 2025, the immigration judge denied the bond request, finding "no jurisdiction." Doc. # 1-5.

On November 26, 2025, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming violations of the Immigration and Nationality Act, various regulations, the Fifth Amendment due process clause, principles of estoppel. Petitioner requested release from custody, or alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a) or the due process clause. The habeas petition was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). As ordered, respondents filed a response to the petition and petitioner filed a reply. On December 31, 2025, Judge Maxfield issued a Report and Recommendation, recommending the court grant the habeas petition in part. Specifically, she recommended that the court order respondents to provide petitioner with an individualized bond hearing under § 1226(a) within seven days or otherwise release petitioner if he has not received a lawful bond hearing within that period. She further recommended that the court order respondents to certify compliance by filing a status report within ten days of the court's order.

Respondents have timely objected to the Report and Recommendation. They object to Judge Maxfield's recommendation that 8 U.S.C. § 1226(a) governs petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).

Pursuant to 28 U.S.C. § 636(b), the court has conducted a de novo review of the matter. Having done so, the court concurs with the recommended ruling.[2] The court agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention. Although the issue involves some close questions of statutory interpretation, the court joins those courts in this district which have rejected respondents' reading of § 1225. See Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025); and Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025). Id.[3] That reading was also rejected by the Seventh Circuit, the only court of appeals to have addressed the issue to date. See Castañon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum.

---

[2] Although respondents have not objected to Judge Maxfield's recommendation that the court has jurisdiction to consider the petition, the court nonetheless substantially agrees with her analysis.

[3] But see, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026); Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025) (examining § 1225 and § 1226 and concluding petitioner properly detained under 8 U.S.C. § 1225(b)(2)(B)).

3

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing, as recommended by Judge Maxfield.[4]

Accordingly, the Report and Recommendation [Doc. #10] is **ADOPTED**. The petition for writ of habeas corpus [Doc. #1] is **GRANTED** in part. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

**IT IS SO ORDERED**.

Dated this 20th day of January, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4] *In light of the court's ruling, the court agrees with Judge Maxfield's recommendation to decline to decide the merits of petitioner's due process claim.*